# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-00010 |
| | ) | Judge Trauger |
| EVANS BRANCH | ) | |

## ORDER

This case has been randomly reassigned to the undersigned Judge.

Pending before the court is the Motion Of Defendant Evans Branch For Early Termination Of Supervised Release (Docket No. 281). Through the Motion, the Defendant requests that the court terminate the remainder of his two-year term of supervised release, which began in September, 2015. The Government has filed a Response (Docket No. 282) in opposition.

Subsection 18 U.S.C. § 3583(e)(1) permits the termination of supervised release after one year if a Defendant's conduct warrants such a termination:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Section 3553(a) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to

modify, reduce, or enlarge the term or conditions of supervised release.[1] *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003).

The Defendant, a pharmacist, was charged in this case with money laundering and with participating in a drug trafficking conspiracy involving hydrocodone. (Docket No. 1). In a separate case, the Defendant was charged with failing to keep accurate records regarding hydrocodone as required by the Controlled Substances Act. (Docket No. 1 in Case No. 3:14cr77). On April 29, 2014, the Defendant pled guilty, before former Judge Kevin H. Sharp, to money laundering, as charged in this case, and to failing to keep accurate records as charged in the separate case. (Docket Nos. 206, 207; Docket Nos. 5, 6 in Case No. 3:14cr77). At the subsequent sentencing hearing, on September 22, 2014, Judge Sharp sentenced the Defendant in both cases to a total term of 9 months of imprisonment, and two years of supervised release, to be served concurrently. (Docket Nos. 255, 279, 280; Docket Nos. 14, 24, 25 in Case No. 3:14cr77). The record reveals that no appeal was taken.

Through the pending Motion, the Defendant argues that he is a good candidate for early termination of supervised release because he is gainfully employed, has a stable home life, and has been compliant with supervision in all respects. In addition, the Defendant indicates that his

---

[1] The Section 3553 factors referred to in Subsection 3583(e)(1) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; protection of the public from further crimes of the defendant; the most effective manner for providing the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and the sentencing range established under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

pharmacy license was reinstated with restrictions in February, 2015, but he has been unable to find employment in his field as a result of his conviction and supervision. The Defendant contends that early termination of supervised release will provide him with an opportunity to have his pharmacy license fully restored and increase his chance of securing employment in his chosen profession.

In its Response, the Government argues that the Defendant's supervised release should not be terminated based on the seriousness of his crime, the need for continued observation as he readjusts to living in society, and the lack of any extraneous conditions or behavior justifying his request. The Government also points out that the Defendant used his pharmacy license to facilitate the offense of conviction.

Having considered the factors set forth in Section 3553, the court concludes that the length of time the Defendant has been on supervision, his overall compliance with the conditions of supervision, his employment history, and the interest of justice warrant early termination of supervised release in this case. Early termination of supervision will also enable the Defendant to seek employment in his field. Accordingly, the Motion is GRANTED.

It is so **ORDERED.**

Enter this 24th day of July 2017.

_____
ALETA A. TRAUGER
U.S. District Judge